**In re: Leodis C. MATTHEWS, Debtor.**

**Lawrence Broadnax, Appellant– Appellant,**

v.

**Leodis C. Matthews, Appellee–Appellee.**

**No. 01–55044.**

**BAP No. CC–00–01045–MoBP.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

** This disposition is not appropriate for publication and may not be cited to or by the

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Lawrence Broadnax appeals pro se the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's dismissal of an involuntary bankruptcy petition against appellee, Leodis C. Matthews. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

We independently review a bankruptcy court's rulings on appeal from the BAP. *Wolkowitz v. Shearson Lehman Bros. (In*

*re Weisberg)*, 136 F.3d 655, 657 (9th Cir. 1998).

Broadnax contends that the bankruptcy court erred in dismissing his involuntary petition because the court failed to give Broadnax notice that: (1) it was considering dismissal under 11 U.S.C. § 305 rather than 11 U.S.C. § 303; and (2) it was treating Matthews' motion to dismiss as a summary judgment motion. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Both arguments fail because dismissal was proper on the pleadings alone. *See Mayer v. Wedgewood Neighborhood Coalition,* 707 F.2d 1020, 1022 (9th Cir. 1983). Broadnax lacks standing to commence an involuntary case under § 303 because the petition fails on its face to explain why Matthews should be charged with debts allegedly owed by Westland Architecture and Development Corporation. *See* 11 U.S.C. § 303; *Chicago Title Ins. Co. v. Seko Inv., Inc. (In re Seko Inv., Inc.),* 156 F.3d 1005, 1007 (9th Cir.1998).

The bankruptcy court did not abuse its discretion in dismissing Broadnax's pro se petition without granting leave to amend because any proposed amendment would be futile. *See Lucas,* 66 F.3d at 248. At best, any amendment would establish that the claims against Matthews are "the subject of a bona fide dispute," and therefore not appropriate for resolution in an involuntary bankruptcy proceeding. *See* 11 U.S.C. § 303(b)(1); *Chicago Title,* 156 F.3d at 1007.

Finally, the bankruptcy court did not abuse its discretion when it denied Broadnax's request to appear at the hearing on Matthews' motion to dismiss because Broadnax failed to show that his appear-

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ance or testimony was "reasonably necessary in the interest of justice." *Price v. Johnston,* 334 U.S. 266, 278–80, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). The record provides no indication that Broadnax could add any substance in support of his claims against Matthews.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.